RALPH FREDRICK CORDELL

*v.*

STATE OF TENNESSEE.

352 S. W. 2d 234.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

JAMES P. BROWN, WILLIAM E. BADGETT, Knoxville, for plaintiff in error.

WALKER T. TIPTON, Assistant Attorney General, Nashville, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

The plaintiff in error was indicted in Knox County for involuntary manslaughter. The first count charged operation of an automobile in a careless, negligent, unlawful and reckless nature resulting in an accident causing the death of Shirlene Rogers. The second count was the same as the first except that excessive speed was added. The third count was the operation of the automobile under the influence of an intoxicant. The jury returned a verdict of guilty on the first and second counts; not guilty on the third count and fixed punishment at 11 months and 29 days in the Knox County Work House.

Plaintiff in error has appealed to this Court assigning one error; that the evidence preponderates against the guilt of the accused and in favor of his innocence.

In order to sustain the conviction for involuntary manslaughter under the two counts of this indictment it will have to be shown that plaintiff in error violated the highway statutes and did so consciously or under circumstances which would charge a reasonable prudent person with appreciation of the fact and the anticipation of consequences injurious or fatal to others. *Potter v. State,* 174 Tenn. 118, 124 S.W.2d 232.

This accident happened in the late afternoon of April 9, 1960 at dusky dark on a four lane highway known as the Chapman Highway near Knoxville. It is shown that this area of the highway was heavily traveled near a

metropolitan city and that a 45 mile per hour speed limit had been placed at this point.

A Volkswagen (which is a small car) driven by Hugo Albert Magliocco and having two passengers, Miss Shirlene Rogers and Mrs. Tennie Webb was going south on Chapman Highway, when they pulled up to the center of said road, stopped, waiting to cross over the two north bound lanes of Chapman Highway to a road leading east known as Locust Hill Road. Mr. Magliocco testified that his lights were on and he was giving an automatic signal to turn to the left. The Chapman Highway going north from the point where the Volkswagen was stopped is shown to be a grade with the crest of the hill about 100 yards from this point.

The plaintiff in error driving a 1955 Cadillac south on Chapman Highway came over the crest of this hill and struck the Volkswagen causing injury to Miss Rogers from which she died. From this impact the Volkswagen was knocked across the two north bound lanes of the highway and came to rest against a bank. The Cadillac continued on about 36 feet in the same direction it was going.

There were skid marks on the pavement from the position of the Cadillac 78 feet from the point of collision north and 36 feet from the point of collision south.

The proof of the state is that plaintiff in error was driving in excess of 65 miles per hour while the plaintiff in error states he was going a little less than 45 miles per hour. Plaintiff in error admits that as he went over the crest of this hill he was blinded by lights of the approaching cars and that he did not see the Volkswagen until he was right up on it.

Attorneys for plaintiff in error vigorously attack the testimony of the state witness Mrs. Lucy Carver Russell. This witness was driving north on this highway at the time of the accident and she first testified plaintiff in error was going fast. Asked then to estimate the speed she replied, "over 65." It is obvious from the physical facts this witness could only have had the Cadillac in her view for a few seconds. Attorneys for plaintiff in error argue that it would be difficult to believe she could estimate the speed of a car in her view for but a few seconds and meeting her. Counsel also attack the physical facts shown as not supporting, or not necessarily supporting, excessive speed.

In viewing this evidence we are required to keep in mind the well established rule that the jury has seen and heard the witnesses for both sides and after seeing and hearing them has determined the issues against plaintiff in error. Their creditability has thus been determined. *Batey v. State,* 191 Tenn. 592, 235 S.W.2d 591.

■ Viewing the proof under this rule plaintiff in error drove his car at an excessive rate of speed in violation of the highway statutes in a heavily traveled area at dusky dark over the crest of a hill, and when blinded by approaching cars did not check his speed. The question then for this court is whether under these facts the plaintiff in error is guilty of criminal negligence. We are of the opinion that a reasonably prudent person driving a car at this speed under the circumstances of the time and place would have anticipated that his conduct might well be injurious or fatal to others.

Affirmed.